UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OTIS MICHAEL BRIDGEFORTH,

                                         Plaintiff,

                                                                                    <u>DECISION AND ORDER</u>

                                                                                    08-CV-6471L

                         v.

DSP BARTLETT, et al.,

                                           Defendants.
_____

      Plaintiff, Otis M. Bridgeforth, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued several DOCS employees, alleging that his constitutional rights were violated in several respects as a result of events taking place between September and December 2008, while plaintiff was confined at Southport Correctional Facility.

      Defendants have moved to dismiss the complaint Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiff has failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides in part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." For the reasons that follow, the motion is granted and the complaint is dismissed

**DISCUSSION**

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. That procedure entails the submission of a grievance, within twenty-one days of the relevant occurrence, to the Inmate Grievance Program supervisor. The grievance is then forwarded to the Inmate Grievance Resolution Committee ("IGRC"), which has sixteen days to resolve it informally or to conduct a hearing.

If dissatisfied with the IGRC's determination, the inmate may, within seven days after receipt of that determination, appeal to the facility superintendent, who has twenty days to render a decision. The inmate then has another seven days after receiving the superintendent's decision to take the final step, appeal to the Central Office Review Committee ("CORC"). All three steps of this grievance procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Cosme v. Furman*, 584 F.Supp.2d 610, 611 (W.D.N.Y. 2008).

A prisoner is not required to affirmatively plead exhaustion in order to bring an action under 42 U.S.C. § 1983. Rather, the inmate's failure to exhaust may be raised by a defendant as an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007). "[T]his is not to say that failure to exhaust

cannot be a basis for dismissal for failure to state a claim," however. *Id.* at 216. If the facts pleaded in the complaint plausibly suggest that the prisoner failed to exhaust his available administrative remedies, then his complaint is subject to dismissal for failure to state a claim. *Id.* at 215-16. *See*, *e.g.*, *Adekoya v. Federal Bureau of Prisons*, No. 08 Civ. 1484, 2009 WL 1835012, at *3 (S.D.N.Y. June 18, 2009).

In the case at bar, plaintiff states in the complaint that he filed grievances concerning his claims, but he admits that he did not appeal from the denials of those grievances. Dkt. #1 at 6, 17. He offers no justification for that omission, but states simply, "appeal not requested to superintendent, [defendant Bartlett] knew exactly what she did." *Id.* at 6. Likewise, his response to defendants' motion contains no explanation for his failure to exhaust his administrative remedies, and simply repeats that he filed grievances concerning the matters giving rise to his claims. *See* Dkt. #12. That clearly does not satisfy the PLRA's exhaustion requirement, as explained above.

In some circumstances, where a prisoner has failed to satisfy the exhaustion requirement, courts will dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint. *See*, *e.g.*, *Chisholm v. New York City Dep't of Correction*, No. 08CIV.8795, 2009 WL 2033085, at *3 (S.D.N.Y. July 13, 2009). The Second Circuit has held, however, that "dismissal with prejudice, when remedies are no longer available, is required 'in the absence of any justification for not pursuing [such] remedies.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004)). *See also Rodriguez v. Westchester County Jail Corr. Dep't*, 372 F.3d 485, 487 (2d Cir. 2004) (stating that "a prisoner's complaint should be dismissed with prejudice where administrative remedies were

available for a reasonable length of time and were not exhausted 'in the absence of any justification'").

As stated, plaintiff has not alleged any facts excusing his failure to exhaust. Since the time limits for plaintiff to file an administrative appeal have long since passed, administrative remedies are no longer available to him, as a result of his own inaction. This case, then, is precisely the kind of case that the PLRA was intended to foreclose. It is therefore dismissed with prejudice. *See Toomer v. County of Nassau*, No. 07-CV-01495, 2009 WL 1269946, at *9 (E.D.N.Y. May 5, 2009) (dismissal with prejudice was warranted where "plaintiff had many months to pursue his grievance against prison officials ... and, thus, had ample opportunity to use the administrative procedures," which were "no longer available to him"); *Baez v. Kahanowicz*, 469 F.Supp.2d 171, 180 (S.D.N.Y. 2007) (dismissing prisoner's complaint with prejudice, since "it is too late to exhaust administrative remedies now and [plaintiff's] failure to exhaust in a timely fashion does not excuse him from the administrative exhaustion requirement," and adding that "[b]ecause this and any subsequently amended or reinstituted complaint is subject to dismissal for failure to exhaust administrative remedies, it would be futile to grant plaintiff leave to amend or allow him to reinstitute the suit").

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #9) is granted, and the complaint is dismissed with prejudice.

Plaintiff's motion to adjourn the scheduling conference (Dkt. #17), motion for miscellaneous relief (Dkt. #19), and his motion for a Rule 16 conference (Dkt. #24) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 17, 2010.